## LILLBURNE HARWOOD'S CASE.

Construction of the act of 1845, in relation to non-resident insolvent prisoners.

In the matter of the petition of Lillburne Harwood, a non-resident insolvent prisoner.

A petition was presented for discharge under the act of 1845. (10 vol. 34.) The imprisoning creditors were J. C. & J. H. Tabor of Philadelphia, who opposed the discharge.

The creditors declined examining the petitioner, and required him to proceed; insisting, that the petition unsustained by other proof, was not sufficient to call upon the creditors for any proof.

*By the Court.*—This act has not been the subject of much practice or construction : there have been but two or three cases occurring under it. But it must be taken in reference to the general system of insolvent laws; under which the insolvent files a petition, verified by his own affidavit, and this is sufficient to call for proof from the opposing creditors. In the present proceeding the petition, thus supported, *is* sufficient to require the creditors to show cause against the discharge.

They then called witnesses to prove that the petitioner was lessee of the Columbia House, at Cape May, doing a large and profitable business; that he had rented stores, and was about to commence the shoe business in Philadelphia largely, as he said, on a cash capital; and that he was living handsomely and expensively in Chestnut street, Philadelphia.

*Whitely* and *Rogers* contended, that the act of 1845 went no further than to extend to non-residents the relief given by section six of the State insolvent law. Upon any other construction they said the legislature had given to non-residents a relief not extended to citizens of this State. They insisted also, that they had proved that the petitioner had property which he was concealing.

*Guthrie* and *Wolfe,* contra.

*By the Court.*—The act of 1845 provides two modes of relief: by petition here, or by proceeding under the sixth section of the general insolvent law which was revived and re-enacted for this purpose, though it was then in full force, having been twice revived before, viz: by the act of 1833 expressly, and again in 1841 by implication; the repealing act being then repealed.

The first section of the act of 1845 gives to non-residents the benefit of the sixth section of the original law, which requires the imprisoning creditor, under a judge's order, to enter into recognizance to indemnify the county against any charges on account of the prisoner or his family : the second section gives a distinct remedy, by petition to this court for discharge from imprisonment as against the imprisoning creditors; and the third section provides, that if it shall not be made appear to the court that the petitioner has been guilty of fraud in relation to the imprisoning creditors, or any of them, the court shall discharge the petitioner from imprisonment; and he shall

not be again imprisoned for the same debt; but the discharge shall have no other effect. The case is, therefore, properly before this court on the application for a discharge.

But, on the facts, we are all of opinion that a case has been made out which excludes the petitioner from the benefits of this law. We therefore remand him to prison, and dismiss the petition.

*Wolfe* and *Guthrie,* for petitioner.

*Rogers* and *Whitely,* for the creditors.